UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHELBY J. BROWN, )
)
    *Plaintiff* )
)
v. ) No. 2:13-cv-473-JHR
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    *Defendant* )

### *MEMORANDUM DECISION*[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge wrongly failed to find that certain of his alleged impairments were severe, wrongly based the residual functional capacity ("RFC") that she assigned to the plaintiff on her own lay interpretation of medical evidence, failed to give appropriate weight to the opinion of a treating physician, and did not accurately identify his past relevant work. Finding no reversible error, I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this case, through the entry of judgment. ECF No. 18.

requirements of the Social Security Act only through December 31, 2011, Finding 1, Record at 24; that, through the date last insured, the plaintiff suffered from degenerative joint disease in both knees and diabetes mellitus with hypoglycemia, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 24-32; that, through the date last insured, the plaintiff had the RFC to perform the full range of work except for work that required the ability to climb ladders, ropes, or scaffolds, Finding 5, *id*. at 34; that, through the date last insured, he was capable of performing his past relevant work as a yard helper, carpet installer, pallet repairer, electrician's helper, mechanic, dismantler, cable installer, and lawn mower, Finding 6, *id*. at 40-41; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, October 1, 2008, through the date last insured, December 31, 2011, Finding 7, *id*. at 42. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R.

§ 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982* ("SSR 82-62"), at 813.

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2 Issues

The plaintiff contends that the administrative law judge should have found that he suffered from the additional severe impairments of anxiety, depression, a back impairment, and a seizure disorder. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 11) at 3-6. I will address each alleged impairment in the order presented by the plaintiff.

The plaintiff begins with his back. He asserts that he "has been diagnosed with spondylitic change, scoliosis, disc space narrowing, disc degeneration, early facet degeneration, all of which could reasonably result in low back pain." *Id*. at 4. The administrative law judge found, with

respect to the plaintiff's back pain, that "examinations and films revealed no significant signs of impairment[.]" Record at 24. She found "no references to back pain [in the medical records] after the alleged onset date and for some[]time before" as well as "no treatment notes after September 2009 until July 25, 2011[,]" just over five months before the date last insured. *Id*. at 25. She discussed the treatment records of Drs. Dohner, Kozma, Shems, Kaplan, and Glazer. *Id*. at 24-25. She took into account August 2011 x-rays and an MRI. *Id*. at 25.

On this issue, the plaintiff essentially urges the court to do what neither it nor the administrative law judge may do, and what he accuses the administrative law judge of doing, Itemized Statement at 5: interpret raw medical evidence. *See, e.g., Enman v. Colvin*, Civil No. 2:13-cv-307-DBH, 2014 WL 5394577, at *3 (D. Me. Oct. 21, 2014). In addition, he fails even to suggest how a finding that his back pain was a severe impairment would change the outcome of his application, a necessity to establish that the error was not harmless. *Id*. at 2. An assertion that the evidence "could reasonably" support a conclusion other than that reached by the administrative law judge is not enough.

Next, the plaintiff asserts that he has been diagnosed with a seizure disorder and hypoglycemia. Itemized Statement at 5. He concedes that the diagnosis of a seizure disorder was made after the date last insured, *id*., but contends that the diagnosis "is apparently based on the Plaintiff's history that this impairment existed prior to" that date. *Id.* He apparently believes that the diagnosis alone establishes that the seizure disorder is severe, *id.,* but that is not the case. *Stokes v. Colvin*, No. 14-6005-CV-SJ-ODS, 2014 WL 5394971, at *1 (W.D. Mo. Oct. 22, 2014); *see generally* Kelly v. Barnhart, No. 03-46-P-H, 2004 WL 413298, at *3 (D. Me. Mar. 3, 2004). He also repeats the contention that the administrative law judge erroneously interpreted raw medical

4

evidence in dealing with this impairment. *Id*. at 6. Again, he does not describe how the outcome of his claim would necessarily be different, if the seizure disorder were found to be severe.

With respect to the seizures, the administrative law judge noted that an EEG and MRI revealed no abnormalities, a neurologist did not diagnose epilepsy, a CT scan of the brain was essentially negative, and that medication was effective in reducing the frequency of seizures. Record at 28-29. In addition, the administrative law judge's conclusion that the seizure disorder was not severe is supported by the opinions of two state-agency physicians who reviewed the medical evidence. Record at 312, 327. That is all that is required.[2] *See, e.g., Legere v. Social Sec. Admin. Comm'r,* No. 1:09-cv-413-JAW, 2010 WL 2670830, at *3 (D. Me. June 28, 2010). The administrative law judge did not err when she concluded that the plaintiff's seizure disorder was not severe.

The plaintiff then discusses his alleged anxiety and depressive disorder as a single impairment. Itemized Statement at 6. He again assumes that the existence of a diagnosis of such an impairment requires that the impairment be found severe at Step 2, but that is contrary to established Social Security law. In this instance the plaintiff also relies on his own reports to Dr. Kaplan, which are irrelevant at Step 2, where only medical evidence may be considered. *Bourret v. Colvin,* No. 2:13-cv-00334-JAW, 2014 WL 5454537, at *5 (D. Me. Oct. 27, 2014).

The plaintiff is not entitled to remand based on any alleged errors at Step 2.

### B. Expert Medical Opinion

The plaintiff expands on his theme of unacceptable interpretation of raw medical evidence by the administrative law judge by next contending that the RFC that she assigned to him was

---

[2] The plaintiff asserts that "[i]f there was any uncertainty as to whether the minimum durational requirement was satisfied for this impairment, the ALJ should have consulted an appropriately qualified medical expert." Itemized Statement at 5-6. The administrative law judge's opinion displays no such uncertainty. Record at 29.

5

based solely on "her own layperson's review of the record[,]" after rejecting all of the available medical opinion evidence. Itemized Statement at 6-8. He asserts that she "discounted" the opinions of the state-agency reviewer-physicians, Drs. Richard Chamberlin and Dr. Carol Eckert, because they "did not have the reports of Dr. Glazer[3] or Dr. Katz or later treatment notes from Dr. Kaplan." *Id*. at 7. In fact, he continues, Dr. Eckert did review those reports and notes. *Id.* He concludes, therefore, that the RFC must be the product of speculation by the administrative law judge. *Id*. at 8.

The plaintiff's argument might carry some weight if the opinions of Drs. Chamberlin and Eckert were the only medical opinions in the record and if an administrative law judge were required to give good reasons for rejecting a state-agency reviewer's opinions, but neither is the case. As the defendant points out, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 15, the administrative law judge is not required to give good reasons for rejecting the opinion of a non-treating reviewing physician. *See, e.g., Elmore v. Astrue*, No. 2:11-cv-394-DBH, 2012 WL 2913702, at *4-*5 (D. Me. June 27, 2012); *Smythe v. Astrue*, No. 2:10-cv-251-GZS, 2011 WL 2580650, at *5 (D. Me. June 28, 2011). The other medical opinions in the record are discussed extensively by the administrative law judge. Record at 36-40. They provide substantial evidence to support her conclusions, even if she erred in stating that Dr. Eckert did not have the benefit of certain of those records.

Again, the administrative law judge's conclusions are not based on speculation, nor are they the result of impermissible interpretation of medical evidence.

---

[3] At oral argument, the plaintiff's attorney contended that, had the administrative law judge properly interpreted Dr. Glazer's records, she would have found his back pain to be a severe impairment, but that it was not possible to tell what the effect on the plaintiff's RFC would have been as a result. This argument rests on a theory that every error at Step 2 of the sequential evaluation process must be deemed harmful and, thus, to require remand. Precedent in this district is to the contrary. *See, e.g., Sayed v. Colvin*, No. 2:13-cv-156-GZS, 2014 WL 2095192, at *6 (D. Me. May 20, 2014).

### C. Opinions of Allan Kaplan, M.D.

The plaintiff next argues that the administrative law judge wrongly rejected the opinions of his primary care provider, Allan Kaplan, M.D. Itemized Statement at 8-11. Specifically, he challenges the administrative law judge's characterization of Dr. Kaplan's opinions as "apparently based only on the claimant's allegations as he has noted observing no functional difficulties." Record at 40. He asserts that "[t]his is not a sufficient reason for rejecting Dr. Kaplan's opinions, because a treating physician would not necessarily have any reason to record functional problems in his treatment notes." Itemized Statement at 9. He cites no authority for this assertion. In any event, Social Security law requires that there be an objective basis for a physician's opinions recorded somewhere in his or her records. 20 C.F.R. § 404.1527(c)(3). *See generally Swormstedt v. Colvin*, No. 2:13-cv-00079-JAW, 2014 WL 1513347, at *3 (D. Me. Apr. 16, 2014).

The administrative law judge cited another reason for her rejection of Dr. Kaplan's opinions: Dr. Kaplan "stated that the cause of the limitations included impairments that the undersigned has found to be not medically determinable." Record at 40. The plaintiff avers that Dr. Kaplan "clearly did consider all of the Plaintiff's medical conditions including the seizures, diabetes, multiple orthopedic complaints, and depression." Itemized Statement at 10. That was the administrative law judge's point. Dr. Kaplan based the limitations he assigned to the plaintiff in large part upon impairments that the administrative law judge found to be not medically determinable, including seizures, multiple orthopedic complaints, and depression. Record at 24-32; 797.

The plaintiff is not entitled to remand on this basis.

### D. Steps 4 and 5

Finally, the plaintiff contends that the administrative law judge's findings at Steps 4 and 5 of the sequential review process are not supported by substantial evidence for the reasons stated in his earlier arguments. Itemized Statement at 11-12. This is not an independent reason supporting the plaintiff's request for remand. I have already rejected those arguments.

The single new argument in this brief section of the plaintiff's itemized statement is that the jobs identified by the administrative law judge as his past relevant work "do not accurately correspond to the testimony of the vocational expert at the hearing[,]" and, thus, it "appears that the ALJ simply listed the jobs on the Work History Report . . . as the Plaintiff's past relevant work without any consideration of how they were performed." *Id*. at 12 & n.6. He does not suggest how this error is other than harmless. The argument is not sufficiently detailed to allow the court to determine that remand is indicated on this basis. *See, e.g., Oliver v. Astrue*, No. 1:11-cv-390-GZS, 2012 WL 3023329, at *6 (D. Me. June 26, 2012).

### E. An Additional Concern

Although the plaintiff does not present this as a separate argument for remand, he notes that the administrative law judge's RFC finding "is not completely clear based on the phrase 'the entire range of work' but then a citation to 20 CFR [§] 404.1567(c), which describes medium work." Itemized Statement at 3 n.1. While describing this question as "well taken," the defendant responds that "the Court need not guess at the ALJ's intent[]" because there is substantial evidence in the record to support a determination that the plaintiff retained the RFC for work at the medium exertional level. Opposition at 5-6.

Other references in the administrative law judge's opinion make it likely that she intended to include a restriction to medium-level work in the RFC. Record at 34 (reference to 20 C.F.R.

§ 404.1567(c)(medium work)); 42 (reference to the "full range of medium work" and lack of impact on the "sedentary, light, or medium work base"); and 76-77 (vocational testimony that plaintiff's past work as electrician's helper was at medium exertional level; adopted by administrative law judge, *id.* at 40). For this reason, the oversight in crafting the administrative law judge's opinion does not warrant remand, although of course such inaccuracy is to be avoided.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 5th day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge